By the Court.—Sedgwick, Ch. J.
The ninth defense was, that “ the work was not proceeded with by the plaintiff at a rate which would, or which in the opinion of the superintendent would insure the com-' pletion of the same at the date stipulated in said contract, and thereupon the superintendent caused the said work to be éxecuted and finished by others than the plaintiff and at a cost exceeding the amount which was payable by said contract to the plaintiff.” The materiality of this defense, if it were valid, would be, that it would justify the defendant’s act in preventing the plaintiff from performing the contract, which act the plaintiff had alleged as a breach of the contract. The defense was placed only upon the terms of the specifications. My opinion is, that these terms were to be taken together with the fourth provision of the contract, and that by the latter the right of the owner to proceed to do the work, depended upon the owner giving to the contractor “ three days’ notice in writing to finish said works.” There was no discussion at the bar, as to what should be the substance of the notice, or what would be its exact, effect upon the subsequent *305 rights of the parties, or whether it would be necessary to give more than one notice, if, after the notice given, the contractor, though acting upon it for a time, again was guilty of neglect, which had justified the first notice. Therefore, none of these matters will be determined here. But in accordance with general principles and the specific reference of the contract, the contractor was entitled to one notice in writing and one opportunity to proceed in conformity with the notice. On the trial, the testimony as to whether any notice had been given, was of such a character that the plaintiff had, as he requested, the right to go to the jury upon his claim that the notice had not been given.
The defense that there was a pending suit to foreclose certain mechanics’ liens upon any amount that might be due to the plaintiff upon the contract, and the parties to this action were parties to such suit to ' foreclose, did not make a bar to this action (Westervelt v. Levy, 2 Duer, 355).
I think there was testimony enough to require the action of the jury upon the point as to what under the contract, if that question were reached, should have been charged against the plaintiff, and» also as to whether it was not less than would have been due to the plaintiff if he had performed the contract.
If the plaintiff established a breach by the defendant, it was not necessary for the former to produce or to account for the non-production of any certificate that the contract provided should be procured at a time which would have been after the time of the breach.
The contract was made by the testator for himself, his executors and administrators. If the defendant, when executor, was in default under the contract, the estate would be liable for its consequences.
On an assumption, which I believe to be correct, although the case does not accurately refer to the fact, *306 that the testimony of William R. Stewart was taken in the action to foreclose the mechanics’ liens, to which the plaintiff and defendant were parties, it was competent for defendant to read on this trial that testimony, after proof that he was dead.
The judgment should be reversed and a new trial ordered, with costs of the appeal to the appellant, to abide the event.
Truax, J., concurred.